BURRELL et al. v. ELGIN CREAMERY CO.

(Circuit Court, N. D. Illinois, N. D. July 27, 1899.)

No. 23,691.

1. PATENTS—ESTOPPEL TO DISPUTE VALIDITY.

The facts relied on to estop a defendant from denying the validity of a patent must be clearly established, and not rest on mere matters of inference; and, as a general rule, fraud is an essential element of an estoppel in pais.

2. SAME—PROCESS OF TREATING MILK.

The Lawrence patent, No. 295,180, for a process of treating milk with fatty and other matters, by passing it and them, mingled with gases, through one or more steam ejectors, for separating and mingling the particles, is void because of anticipation and lack of patentable invention.

This was a suit in equity by Burrell and others against the Elgin Creamery Company for alleged infringement of a patent for a process of treating milk with fatty and other matters.

Banning & Banning, for complainants.

E. H. Bottum and Mark Sands, for defendant.

KOHLSAAT, District Judge. Complainants' patent is for an alleged process of treating milk, patent No. 295,180, known as the "Lawrence Process." The claim reads:

"The process of treating milk with fatty and other matters by passing it and them, mingled with gases, through one or more steam ejectors, for separating and mixing the particles, substantially as described, and for the purposes set forth."

A careful reading of the licenses (together with the other evidence on the point) does not warrant the conclusion that the defendant is estopped, either in law or in pais, from denying the validity of the Lawrence patent. The law does not favor estoppels. The facts relied on to work an estoppel must be clearly established, and not matters of inference. As a general rule, fraud is an essential element of an estoppel in pais. None is shown in the case at bar. Undoubtedly, Sands could not resolve himself into a corporation, and by that subterfuge escape the penalty for a breach of contract. If the facts warranted the application of the rule to him, I would apply it to the defendant. But such is not the case. The drawings of the patent show receptacles for at least two ingredients other than milk, but the specifications modify the drawings and claim in such a manner as to call for one or more ingredients besides the milk. This, in my judgment, avoids the contention of defendant that, even though complainants' patent is valid, yet there is no infringement in defendant's process. From the evidence it is clear that the only chemical change effected by complainants' process is that occasioned

by the subjection of the ingredients to heat. The final result is an emulsion. This result is also arrived at under the Freeman patent, No. 136,051, and the Cooley & Burrell patent, No. 264,516. Unquestionably, complainants' process is an improvement upon those of Freeman and Cooley & Burrell, but only in matter of degree. Whatever advantage lies with complainants' process I find to be simply in the mechanical function of the steam ejector in more minutely subdividing the parties than was accomplished by previous methods, and to be a matter of degree. Mr. Justice Grier, in Corning v. Burden, 15 How. 252, says:

"The term 'mechanical' includes every mechanical device or combination of mechanical powers or devices, to perform some function and produce a certain effect or result; but when the result or effect is produced by chemical action, by the operation or application of some element or power of nature, or of one substance to another, such modes, methods, or operations are called 'processes.'"

Mr. Justice Bradley, in Cochrane v. Deener, 94 U. S. 780, defines a process as "an act or series of acts performed upon the subject-matter to be transformed and reduced to a different state or thing." Complainants' method works no transformation not already obtained, though in a less degree, perhaps, by the other patents shown in the record. Any patentable feature there might be (ignoring the prior art) in the passing of milk, together with fat, oil, and steam, through a steam ejector, would necessarily be based upon the chemical effect of heat, derived from the steam, upon the other ingredients; and the application of the heat of steam to milk and fats in the process of making an emulsion is anticipated by the Freeman and Cooley & Burrell patents aforesaid. While the claim does not call for heated gases, yet the descriptive portion of the specifications might be said to confine the claim to such. I therefore hold that the only possible patentable feature of the process is anticipated, and the patent is void. Bill dismissed for want of equity.